# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| THE BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION FKA THE BANK OF NEW YORK TRUST COMPANY, N.A. AS SUCCESSOR TO JPMORGAN CHASE BANK. N.A., AS TRUSTEE FOR RESIDENTIAL ASSET MORTGAGE PRODUCTS, INC., MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-SP1 <br><br> V. <br><br> YONG HO CHA | § § § § § § § § § § § § § § § | CASE NO. 4:14cv647 <br> (Judge Mazzant) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion to Set Aside Entry of Default (Dkt. #12). Having considered the relevant pleadings, the Court finds that Defendant's request to vacate the default should be granted.

On October 8, 2014, Plaintiff The Bank of New York Mellon Trust Company, National Association FKA The Bank of New York Trust Company, N.A., as Successor to JPMorgan Chase Bank, N.A., as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2006-SP1 ("BNYM") filed its Original Complaint against Defendant, Yong Ho Cha ("Cha"). Despite diligent efforts, Plaintiff was unable to personally serve Cha and on December 11, 2014, BNYM moved for substituted service by publication. The Court granted BNYM's motion on January 20, 2015, and summons by publication was issued the same day. Service by publication began on February 3, 2015, and the summons was published weekly until

February 24, 2015, in Collin County, Texas, the county where the Property is located. Defendant's answer or other response to the complaint was due on or before March 9, 2015, the Monday following 42 days after the summons was issued. On April 13, 2015, BNYM filed its Request for Clerk's Entry of Default Against Cha and proposed Clerk's Entry of Default. That same day, a United States Deputy Clerk of Court granted Plaintiff's Request for Entry of Default and entered a default on Cha.

On April 28, 2015, Cha filed a Motion to Set Aside Entry of Default and attached his Original Answer and proposed Order (Dkt. #12). On May 29, 2015, BNYM filed a response (Dkt. #15). On June 16. 2015, Cha filed a reply (Dkt. #16).

Rule 55 of the Federal Rules of Civil Procedure sets forth certain conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment. Fed. R. Civ. P. 55. The Fifth Circuit requires a three-step process for securing a default judgment. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 55(a); *New York Life Ins.*, 84 F.3d at 141. Next, an entry of default may be entered by the clerk when the default is established by affidavit or otherwise. Fed. R. Civ. P. 55(a); *New York Life Ins.*, 84 F.3d at 141. Third, a plaintiff may then apply to the clerk or the court for a default judgment after an entry of default. Fed. R. Civ. P. 55(b); *New York Life Ins.*, 84 F.3d at 141. Cha now moves to set aside the clerk's entry of default.

The Court finds that, even if technically proper, the clerk's entry of default should be set aside. A court may set aside an entry of default "for good cause shown." FED. R. CIV. P. 55(c). "[T]he requirement of 'good cause' ... ha[s] generally been interpreted liberally." *Amberg v. Federal Deposit*

*Ins. Corp.*, 934 F.2d 681, 685 (5th Cir. 1991). Courts will look at the following factors to determine whether there is good cause to set aside a default: (1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious claim has been presented. *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000). These factors are not exclusive, but are to be regarded simply as a means to identify good cause. *Effjohn Intern. Cruise Holdings, Inc. v. A&L Sales*, 346 F.3d 552, 563 (5th Cir. 2003)(citing *Dierschke v. O'Cheskey*, 975 F.2d 181, 184 (5th Cir. 1992)). Other factors, such as whether the party acted expeditiously to correct the default, may also be considered. *Id.*

After entry of the clerk's default, Cha acted promptly by filing a motion to set aside the default. In addition, there is no prejudice to Plaintiff by setting aside the clerk's entry of default. In light of these guiding principles, the Court finds that Cha has shown such good cause here, and default judgment is simply not appropriate here. Under Federal Rule of Civil Procedure 55, default is appropriate if a defendant has "failed to plead or otherwise defend" the suit. FED. R. CIV. P. 55(a). Default judgments are "generally disfavored in the law" and thus "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Mason & Hanger-Silas Mason Co. v. Metal Trades Council,* 726 F.2d 166, 168 (5th Cir. 1984). The Court finds no prejudice to Plaintiff, and the Clerk's Entry of Default should be vacated.

It is therefore **ORDERED** that Defendant's Motion to Set Aside Entry of Default (Dkt. #12) is hereby **GRANTED**.

It is further **ORDERED** that the Clerk's Entry of Default (Dkt. #11) against Cha be **VACATED**.

**SIGNED this 24th day of June, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE